I concur with the reasoning of Justice See's dissent; however, based upon the reprehensibility of the defendant's conduct directed against a vulnerable plaintiff, which I do not find to be mitigated by any of the factors set forth inGreen Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989), coupled with a proven pattern and practice of such conduct, I would hold that the defendant's conduct justifies a punitive award greater than Justice See would uphold. I would hold that the defendant's conduct justifies a punitive award of up to eight times the compensatory damages, or $2 million. Thus, I dissent from the award of $3 million.
I concur with Justice Shores in abolishing the proposed rule requiring bifurcated trials in punitive damages cases and in abolishing the rule that would divide certain punitive damages awards with the State. The United States Supreme Court, in BMW of North America, Inc. v. Gore, 517 U.S. 559,116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), instructed this Court as to what is necessary to "fix" any due process problems involving punitive damages. As long as this Court adheres to the BMW
principled approach to punitive damages, I do not believe that a bifurcated trial is necessary to assure that a defendant receives the process he, she, or it is due. (I voted for the bifurcation procedure initially, believing, as did Justice O'Connor,[6] that this would be a way to assure that defendants received procedural due process.)
I also believe that the principled approach to the question of excessive punitive damages, required by the United States Supreme Court in BMW, will keep plaintiffs from receiving "windfalls" in punitive damages, and, therefore, that there is no longer any reason for diverting some of the punitive damages to the State.
[6] See Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1,42, 111 S.Ct 1032, 1056, 113 L.Ed.2d 1 (1991) (O'Connor, J., dissenting). I suggested in Charter Hospital of Mobile v.Weinberg, 558 So.2d 909, 917 (Ala. 1990) (Houston, J., concurring specially), that we follow the recommendation of the American College of Trial Lawyers, "Report on Punitive Damages of the Committee on Special Problems in the Administration of Justice" (March 3, 1989), pp. 18-19.